Matthew W. Driggs, Utah Bar No. 6085
Steven M. Day, Utah Bar No. 7503
David R. Tullis, Utah Bar No. 10665
**DRIGGS, BILLS & DAY, P.C.**
331 S. 600 East
Salt Lake City, UT  84102
Telephone: (801) 363-9982
Facsimile: (801) 931-2552
 *Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND RELEVANT PRODUCTS LIABILITY LITIGATION | : : : : : | 3:09-md-02100-DRH-PMF <br><br> MDL No. 2100 <br><br> Judge David R. Herndon |
| *Alicia Comeau,*<br>                Plaintiff<br>vs.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC. , ET AL.<br><br>                Defendants. | : : : : : : | MOTION AND ORDER TO ESTABLISH QUALIFIED SETTLEMENT FUND <br><br> Civil Action No.: 3:10-CV-11842-DRH-PMF |
| AND RELATED CASES (SEE EXHIBIT I) | : : | |

## **JOINT MOTION TO ESTABLISH QUALIFIED SETTLEMENT FUND**

Plaintiffs, clients of the law firm of *Driggs, Bills, and Day P.C.* ("Plaintiffs") (listed in "Related Cases Exhibit," attached as Exhibit 1, including persons entering into settlements hereafter), and the Bayer defendants, by and through their counsel, jointly move this Court for an Order to: (i) establish a fund, which shall be called the **DBD Yaz** Qualified Settlement Fund (the "Fund"); and (ii) to appoint an administrator for the Fund. In support of this Motion, the parties respectfully state as follows:

1. Plaintiffs have asserted claims against Bayer AG, Bayer Corporation, Bayer, Inc., Bayer HealthCare LLC, Bayer HealthCare Pharmaceuticals, Inc., Bayer Pharmaceutical Corporation, Bayer Schering Pharma AG, Bayer Healthcare AG, and Bayer Pharmaceuticals (hereinafter collectively, "Defendants") seeking damages arising from exposure to Yasmin® and/or YAZ® and/or Ocella® and/or Gianvi® and/or other DRSP-containing oral contraceptives (collectively, "YAZ® Claims").

2. *Driggs, Bills, and Day P.C.* and Defendants have recently entered into a Master Settlement Agreement to settle YAZ® Claims at a time when an exact allocation among and distribution to the Plaintiffs and any entities asserting a claim of subrogation or reimbursement cannot be finalized. Hence, in the best interest of all parties, the Court should establish the Fund to resolve or satisfy these YAZ® Claims, while allowing for the allocation and final disbursement of settlement funds to be finalized.

3. Upon executing releases completely extinguishing the Defendants with respect to claims arising out of the YAZ® Claims (the "Mutual Release"), Defendants shall pay the

2

settlement sums into the Fund (the "Total Settlement Proceeds"). The Total Settlement Proceeds, made payable to the **DBD Yaz** Qualified Settlement Fund, shall be paid by Defendants and/or Defendants' insurance carrier.

4. The Fund shall be a Qualified Settlement Fund as described in Treas. Reg. Section 1.468B-1, established by order of this Court, and the Fund shall remain subject to the continuing jurisdiction of this Court.

5. This Court has jurisdiction over this matter under Treas. Reg. Section 1.468B-1(c)(1), which states in relevant part that a Qualified Settlement Fund "is established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia), territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) . . . and is subject to the continuing jurisdiction of that governmental authority."

6. Plaintiffs request that the Court approve the engagement of The Garretson Firm Resolution Group, Inc. d/b/a Garretson Resolution Group ("GRG") as the Administrator (the "Fund Administrator"). GRG possesses extensive experience administering Qualified Settlement Funds in an estimated 2,000 different causes of action. GRG's address is as follows: 7775 Cooper Rd., Cincinnati, Ohio 45242. GRG submits personally to the jurisdiction of this Court. Upon the dissolution or bankruptcy of GRG, its appointment as Fund Administrator shall terminate and the Plaintiffs and Defendants will seek Court approval of their nominated successor Fund Administrator.

7. Fund Administrator shall administer the Fund pursuant to the terms of an Escrow Agreement approved by Driggs, Bills, and Day P.C. which shall control/govern the operation of

the Fund and the respective rights, duties and obligations of Driggs, Bills, and Day P.C and the Fund Administrator.

8. Until such time that the Plaintiffs are entitled to receive compensation under the terms of the Master Settlement Agreement, no settlement monies shall be set apart for a Plaintiff, or otherwise made available so that he or she may draw upon or otherwise control said settlement monies.

9. The Fund, by and through the Fund Administrator, shall only make payments to the Plaintiffs, Plaintiffs' Counsel, and any entities asserting a claim of subrogation according to the terms of the Master Settlement Agreement.

10. The claims made against the Defendants are made on account of physical bodily injury and arise out of alleged liability in tort or violation of law.

11. The Total Settlement Proceeds are the sole property of the Fund. No portion of the Total Settlement Proceeds shall be made available to Plaintiffs in any fashion, except as specifically set forth in the Master Settlement Agreement. Until such time as monies are distributed, the Plaintiffs shall not possess any rights to demand or receive any portion of the Total Settlement Proceeds or the escrowed funds or to mortgage, pledge, or encumber the same in any manner. To the extent possible, this Motion shall be construed so as to prevent the Plaintiffs from being in constructive receipt, as determined under federal income tax principles, of any amounts held by the Fund.

12. The Plaintiffs request that no bond be required, provided that all monies received by the Fund, which include all principal and interest earned thereon, shall be deposited by the Fund Administrator in an investment agency account held in custody at The PrivateBank and

Trust Co. ("Bank"), a financial institution doing business in Chicago, IL for the benefit of and titled in the legal name of the QSF and invested in instruments/securities comprised of (a) United States Agency, Government Sponsored Enterprises or Treasury securities or obligations (or a mutual fund invested solely in such instruments); (b) cash equivalent securities including SEC registered money market funds and collateralized money market accounts; and/or (c) deposit and similar interest-bearing, or non-interest bearing accounts subject to Federal Depository Insurance Corporation protections as available.  The Bank shall be responsible for any and all investment related decisions, following the instructions of the Fund Administrator and/or its investment advisor pursuant to these terms and conditions, such that the following investment policy is implemented: (1) safety of principal; (2) zero bank balance exposure; and/or (3) the use of zero sweep disbursement accounts to ensure funds remain in custodial or fully insured accounts to avoid an impermissible risk of loss should the financial institution holding the funds fail. Notwithstanding the foregoing, the Bank shall not be allowed to distribute any income or principal from the QSF except upon instructions of the Fund Administrator, or, if requested, upon the order of this Court upon the joint motion of the parties.  The Fund Administrator retains the right to remove the Bank, and may designate a replacement bank, upon the written consent of Plaintiffs' Counsel.  In the event of such replacement, the terms and conditions of this Paragraph 12—including, without limitation, those addressing bond requirements, investments, and distributions from the QSF—shall apply to any such replacement bank.  The Fund Administrator shall not be liable for any losses as a result of investing the Deposit as directed by the Court. Any such losses shall not be recoverable from the parties, and the parties and their counsel shall have no responsibility for the Fund Administrator's performance.  Receipt and/or investment of

the Deposit shall be confirmed to Plaintiffs' Counsel by the Fund Administrator as soon as practicable by account statement or other reasonable method.

13. The Fund Administrator shall be authorized to distribute all attorney fees and litigation expenses to Plaintiffs' counsel, consistent with existing contingency fee contracts and to the extent required by law.

14. All taxes on the income of the Fund and expenses and costs incurred in connection with the taxation of the Fund (including, without limitation, the expenses of tax attorneys and accountants) shall be paid out of the Fund, shall be considered to be a cost of administration of the settlement, and shall be paid as instructed by the Fund Administrator.

15. Upon request, the Fund Administrator will prepare and deliver Fund Statements ("Statements") to counsel for the Plaintiffs, Bayer, and/or this Court. The Statements shall include a statement of receipts, investment earnings, interest, and disbursements. The Fund Administrator shall provide the Statement no later than ten (10) business days following the request.

16. The Fund Administrator shall have the right to rely upon any affidavit, certificate, letter, notice, electronic mail or other document believed by the Fund Administrator to be genuine and sufficient, and upon any other evidence believed by the Fund Administrator, in its reasonable judgment, to be genuine and sufficient, which may be provided to the Fund Administrator by Driggs, Bills, and Day P.C

17. Upon final distribution of all monies paid into the Fund, the Fund Administrator shall take appropriate steps to wind down the Fund and thereafter be discharged from any further responsibility with respect to the Fund.

18. The Fund Administrator will obtain a Federal Taxpayer Identification Number for the **DBD Yaz** Qualified Settlement Fund upon the execution of an Order by this Court establishing the Fund.

**WHEREFORE**, Plaintiffs and Defendants respectfully request that the Court consent to take continuing jurisdiction over the Fund pursuant to Treas. Reg. Section 1.468B-1(c)(1), and issue an Order in the form attached hereto.

**DATED** this 8th day of October, 2013.

Driggs Bills & Day, P.C.

*/s/ Matthew Driggs*

**Matthew Driggs**
**Driggs, Bills, and Day PC**
**331 South 600 East**
**Salt Lake City, UT 84102**
**Phone No. 801-363-9982**
**Fax No. 801-931-2552**

**Attorneys for Plaintiffs**

### ORDER

It is ordered that The Fund shall be a DBD YAZ Qualified Settlement Fund established by order of this Court, and the Fund Administrator is Driggs, Bills, and Day P.C.

DATED this _____ day of _____, 2013.

BY THE COURT:

_____

Judge David R. Herndon